# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

Case No.: _____

**FRANKENMUTH MUTUAL**
**INSURANCE COMPANY,**

    **Plaintiff,**

v.

**CAROLE LYNN CORRIVEAU, an individual,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, FRANKENMUTH MUTUAL INSURANCE COMPANY, through its counsel, sues Defendant, CAROLE LYNN CORRIVEAU, and alleges:

### PARTIES, JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §1332(a) because Plaintiff and Defendant are citizens of different states.

2. Frankenmuth Mutual Insurance Company ("Frankenmuth") is a Michigan corporation incorporated in Michigan with its principal place of business in Frankenmuth, Michigan, making it a citizen of Michigan in accordance with 28 U.S.C. §1332(c)(1). Frankenmuth is authorized to conduct business in Florida.

3. Upon information and belief, Carole Lynn Corriveau ("Corriveau") is a resident of Odessa, Florida, in Hillsborough County, making her a citizen of Florida in accordance with 28 U.S.C. §1332(a). Upon information and belief, process may be perfected by serving Carole Lynn Corriveau at her residence, which is located at 19117 Beckett Drive, Odessa, Florida 33556.

4. The causes of action alleged herein fall within the jurisdictional limits of the Court because Frankenmuth seeks to recover more than $75,000.00 from Corriveau.

5. Venue is appropriate in this Court because Corriveau resides within the boundaries of the Middle District of Florida, and because Corriveau resides within one of the counties within the providence of the Tampa Division of this Court.

## FACTS

6. Frankenmuth is a licensed surety company that, among other things, provides construction payment and performance bonds to entities that may need bonds to perform work on construction projects.

7. Frankenmuth issued payment and performance bonds at the request of American Site Contracting, LLC ("American Site").

8. As a condition to providing payment and performance bonds for projects being performed by American Site, Frankenmuth required execution of a General

Agreement of Indemnity (the "Indemnity Agreement") by American Site and Scot Brian Corriveau, now deceased (the "Decedent"), as indemnitors.

9. By Addendum, Corriveau was added as an additional indemnitor and she agreed to, among other things, be bound by all of the terms of the Indemnity Agreement.

10. A true and correct copy of the Indemnity Agreement, with the Addendum, is attached as **Exhibit A.**

11. American Site, the Decedent and Carole Corriveau may be collectively referred to hereafter as the "Indemnitors."

12. In the Addendum to the Indemnity Agreement, Corriveau agreed in material part as follows:

> This Amendment shall be attached to and form a part of the General Agreement of Indemnity entered into by American Site Contracting, LLC, jointly and severally, in favor of Surety, (hereinafter the "Agreement'). It is agreed that:
>
> \*\*\*
>
> 2. The following individual(s) and / or business entities shall be added to the Agreement as Indemnitor(s) and Principal(s) and shall be bound by all of its terms for any and all Bonds issued pursuant to the Agreement, whether such Bonds were issued before or after the execution of this Amendment or before or after the date of the Agreement.
>
> \*\*\*

> THE UNDERSIGNED HAVE CAREFULLY READ THIS AGREEMENT AND UNDERSTAND THEIR RIGHTS AND RESPONSIBILITIES; EACH HAS HAD THE OPPORTUNITY TO CONSULT COUNSEL TO THE EXTEND DEEMED APPROPRIATE BY THEM.

*See* Exhibit A.

13. Frankenmuth issued payment and performance bonds, assigned Bond No. SUR 0001873, for the project identified as Paving, Striping and Off-Site Work/419125-023 for and at the 19 AAA High School, with Wharton-Smith, Inc. as the obligee, in the amount of $2,633,265.84 ("AAA High School Performance Bond," "AAA High School Payment Bond," and collectively the "AAA High School Bonds," on the "AAA High School Project"). True and correct copies of the AAA High School Performance Bond and AAA High School Payment Bond are attached at **Composite Exhibit B**.[1]

14. Frankenmuth has incurred losses of $363,446.00 in payments to the Obligee, Wharton-Smith, Inc., on claims submitted by Wharton-Smith, Inc. on the AAA High School Performance Bond.

15. Frankenmuth has exposure of $115,737.13 to American Site's unpaid subcontractors, suppliers and/or vendors on the AAA High School Payment Bond.

---

[1] Frankenmuth will attach the copies of the bonds that are maintained in its file. Bonds are executed and then sent to the principal for signature, and then the principal forwards to the obligee(s).

16. Frankenmuth has incurred losses of $3,258.50 in consultant costs paid to the surety consultant on the AAA High School Bonds and Project.

17. Frankenmuth issued payment and performance bonds, assigned Bond No. SUR0001867, for the project identified as Demo, Site Work & Paving/420008-002 for and at the Crest Lake Park Renovations, with Wharton-Smith, Inc. as the obligee, in the amount of $945,294.00 ("Crest Lake Performance Bond," "Crest Lake Payment Bond," or collectively the "Crest Lake Bonds," on the "Crest Lake Project"). True and correct copies of the Crest Lake Performance Bond and Crest Lake Payment Bond are attached at **Composite Exhibit C**.

18. Frankenmuth has received a claim from Wharton-Smith, Inc. on the Crest Lake Project on which it issued a Performance Bond in the penal sum of $876,734.00, and Frankenmuth expects to incur losses of $141,792.00 in payments to the Obligee, Wharton-Smith, Inc., on claims submitted by Wharton-Smith, Inc. on the Crest Lake Performance Bond.

19. Frankenmuth issued payment and performance bonds, assigned Bond No. SUR0001878, for the project identified as CHMF West Sheldon – Subcontract No. 2038-01 – 9805 Sheldon Road, Tampa, FL, with AFN Consulting, Inc. as the primary obligee and Bandes Construction as the additional obligee, in the amount of $4,761,484.00 ("CHMF Performance Bond," "CHMF Payment Bond," and collectively the "CHMF Bonds," on the "CHMF Project"). True and correct copies

of the CHMF Performance Bond and CHMF Payment Bond are attached at **Composite Exhibit D**.

20. Frankenmuth has exposure of $176,625.04 to American Site's unpaid subcontractors, suppliers and/or vendors on the CHMF Payment Bond; however, Frankenmuth has not yet incurred losses since the project is ongoing.

21. Frankenmuth has, however, incurred losses of $5,793.35 in consultant costs paid to its surety consultant on the CHMF Bonds and Project.

22. For the bonds identified in Composite Exhibits B, C and D (collectively referred to hereafter as "the Bonds"), each Indemnitor, which includes Corriveau, agreed, among other things, to defend, indemnify, and hold harmless Frankenmuth from any and all losses or expenses, including attorney fees and costs, arising out of any claims made against the Bonds. *See* Indemnity Agreement, Exhibit A.

23. As alleged above, subsequent to the issuance of the above-identified Bonds for American Site, claims were made and Frankenmuth is exposed to liability, losses, and the possibility of additional losses.

24. Pursuant to the Indemnity Agreement, any assertion of liability against Frankenmuth on the Bonds triggered the obligations and duty of each Indemnitor to indemnify Frankenmuth.

25. On June 9, 2021, Frankenmuth sent an indemnity demand letter to Corriveau, a true and correct copy of which is attached as **Exhibit E**.

26. In its June 9, 2021 demand correspondence, Frankenmuth sought payment from Corriveau for losses incurred by Frankenmuth under the AAA Performance Bond.

27. On June 16, 2021, Frankenmuth sent an additional indemnity letter to Corriveau, through her counsel, a true and correct copy of which is attached as **Exhibit F**.

28. In addition to demanding payment for the losses incurred by Frankenmuth, Frankenmuth also sought Corriveau's financial documentation and information as required under paragraph 12 of the Indemnity Agreement so that Frankenmuth could conduct its audit and inspection as authorized under paragraph 25 of the Indemnity Agreement. *See* Exhibit F.

29. Frankenmuth will continue to incur loss, including attorney fees and consultant fees and costs, to investigate, defend, and satisfy each claim against the Bonds.

30. All conditions precedent to bringing this action have been performed, have occurred, or have been waived.

31. Frankenmuth has retained the law firm of Shumaker, Loop & Kendrick, LLP to represent it in this action and has agreed to pay a reasonable fee for all services rendered.

## COUNT I
## BREACH OF CONTRACT – FAILURE TO INDEMNIFY

32. Frankenmuth realleges and incorporates into this Count the allegations contained in Paragraphs 1 through 31, above, as if fully stated herein.

33. As a result of the claims on the bonds as detailed above, Frankenmuth sent correspondence to Corriveau, reminding her of her obligations and duties under the Indemnity Agreement and demanding payment of the losses incurred to date.

34. As a result of the claims asserted against the AAA High School Performance Bond, Frankenmuth has paid $363,446.00 in payments to the Obligee, Wharton-Smith, Inc.

35. In addition, Frankenmuth has exposure of $115,737.13 to American Site's unpaid subcontractors, suppliers and/or vendors on the AAA High School Payment Bond.

36. Furthermore, Frankenmuth has incurred losses of $3,258.50 in consultant costs paid to the surety consultant on the AAA High School Bonds.

37. On the Crest Lake Project, Frankenmuth has received a claim from Wharton-Smith, Inc. where the Performance Bond is in the penal sum of $876,734.00, and expects to incur losses on the Performance Bond of $141,792.00.

38. On the CHMF Project, Frankenmuth has exposure of $176,625.04 to American Site's unpaid subcontractors, suppliers and/or vendors on the CHMF Payment Bond. As of the filing of this Complaint, Frankenmuth is continuing with

its investigation on this Project and has not yet remitted payments in response to claims.

39. On the CHMF Project, Frankenmuth has incurred losses of $5,793.35 in consultant costs paid to its surety consultant.

40. Thus, Frankenmuth has incurred losses, consultant costs, attorney fees, and expenses incurred in connection with multiple claims on the bonds, and has exposure for additional losses.

41. Frankenmuth anticipates suffering additional losses because of the pending claims by obligee(s) and payment bond claimants.

42. Frankenmuth's damages are continuing in nature.

43. The Indemnity Agreement, and its Addendum, are unequivocal and specific in setting forth Corriveau's obligations to indemnify and keep Frankenmuth indemnified from and against any claim, demand, liability, cost, charge, suit, judgment or expenses which Frankenmuth may incur as a result of executing the Bonds identified herein or because of Corriveau's, or any other indemnitor's, failure to comply with the Indemnity Agreement, among other things.

44. The Indemnity Agreement, and its Addendum, are unequivocal and specific in setting forth Corriveau's obligations to provide financial documentation and information when requested by Frankenmuth.

45. Corriveau has breached the Indemnity Agreement by, among other things:

    a. failing and/or refusing to indemnify and hold Frankenmuth harmless from any and all liability, cost, expense or fees incurred by Frankenmuth as a result of having provided the Bonds; and

    b. failing and/or refusing to provide Frankenmuth with financial records and books as requested.

46. Corriveau is, therefore, liable to Frankenmuth for Frankenmuth's losses on the amounts incurred to resolve the multiple claims against the Bonds.

47. On June 9, 2021, and again on June 16, 2021, Frankenmuth made demand on Corriveau to indemnify Frankenmuth for its incurred losses. *See* Exhibits E and F.

48. The above-identified losses by Frankenmuth are all recoverable under the Indemnity Agreement as indemnity damages.

49. Corriveau has failed to indemnify Frankenmuth for its losses, costs and expenses incurred in addressing the claims.

50. Corriveau has failed to provide the financial documentation and information demanded by Frankenmuth.

51. The actions of Corriveau in failing to honor the terms of the Indemnity Agreement constitute breaches of the Indemnity Agreement.

52. In order to bring this action, Frankenmuth has been compelled to retain the legal services of the law firm of Shumaker, Loop & Kendrick, LLP, and has agreed to pay said law firm reasonable attorney fees for such services. These attorney fees and costs are recoverable from each of the Indemnitors, joint and several, pursuant to the Indemnity Agreement.

**WHEREFORE,** Plaintiff, Frankenmuth Mutual Insurance Company, demands judgment against Defendant, Carole Lynn Corriveau, as follows:

(a) as authorized by the Indemnity Agreement, indemnification for all losses, costs, attorney fees and expenses incurred by Frankenmuth Mutual Insurance Company;

(b) all damages incurred as a result of each and/or all breaches by the Defendant;

(c) all damages incurred as a result of the claims and/or action on the Bonds, defined herein;

(d) reimbursement for all costs and attorney fees expended by Frankenmuth Mutual Insurance Company in connection with bringing this indemnity action against the Defendant; and

(e) such further relief as the Court deems just and proper under the circumstances.

## COUNT II – COMMON LAW INDEMNITY

53. Frankenmuth realleges and incorporates into this Count the allegations contained in Paragraphs 1 through 7, 13 through 21, 23, 27, 29 through 30, above, as if fully stated herein.

54. Frankenmuth is without fault for any present or future claims against it as surety for American Site.

55. Frankenmuth had a special relationship with American Site by acting as its surety.

56. Frankenmuth's liability as surety for American Site is merely technical, secondary, and vicarious to that of Corriveau, who, along with the other Indemnitors, is actively and completely at fault for, and obligated to complete the work that American Site agreed to perform for the bonded projects.

57. As a direct and proximate result of Corriveau's failure to honor her obligations, Frankenmuth has incurred and continues to incur damages. Corriveau is liable to Frankenmuth for all damages Frankenmuth sustained or may sustain by reason of having acted as surety for American Site.

WHEREFORE, Plaintiff, Frankenmuth Mutual Insurance Company, requests that this Court enter judgment against Defendant, Carole Lynn Corriveau, for damages, prejudgment interest, and such further relief as this Court deems just and appropriate.

## COUNT III - SPECIFIC PERFORMANCE

58. Frankenmuth realleges and incorporates into this Count the allegations contained in Paragraphs 1 through 31, above, as if fully stated herein.

59. As outlined above, Corriveau has failed to fulfill her obligations with regard to the projects that are the subject of the obligees' claims and payment bond claimants' claims against the Bonds described above.

60. As a result, Frankenmuth has been called upon to fulfill American Site's obligations to those obligees, subcontractors, vendors and materialmen.

61. The Indemnity Agreement requires Corriveau to, among other things, indemnify, keep indemnified, and save Frankenmuth harmless from and against any and all claims, demand, liabilities, costs, charges, suits, judgments and expenses that Frankenmuth may pay or incur in consequence of having executed, or procured the execution of, the Bonds.

62. Further, Corriveau agreed to provide financial records and books to Frankenmuth upon request.

63. Frankenmuth has suffered, and will continue to suffer, various kinds and natures of liability, loss, fees, costs, and expenses as a result of having executed the Bonds due to the failure of Corriveau to honor her obligations under the Indemnity Agreement, and because of Frankenmuth's efforts to enforce the covenants and conditions in the Indemnity Agreement.

64. Frankenmuth has incurred, among other things, losses in the way of attorneys' and consulting fees, costs, and expenses associated with investigating its potential exposure for the bonded projects, and fears it may be exposed to further liability, loss, fees, costs, and expenses as other claims are made on the Bonds.

65. Despite Frankenmuth's demand, Corriveau has failed and/or refused to reimburse Frankenmuth for its losses, has failed and/or refused to provide requested financial records and books, and has otherwise failed and/or refused to indemnify and keep Frankenmuth indemnified.

66. The Indemnity Agreement is just and reasonable and supported by adequate consideration.

67. The terms of the Indemnity Agreement is sufficiently clear, definite and certain to allow enforcement by the Court.

68. The performance Frankenmuth seeks is substantially identical to that promised in the Indemnity Agreement.

WHEREFORE, Frankenmuth Mutual Insurance Company seeks a decree and immediate order of specific performance compelling Carole Lynn Corriveau to:

a. not divert or disburse any assets without this Court's or Frankenmuth's express and written approval;

b. safeguard a sufficient amount of Corriveau's assets to collateralize Frankenmuth from claims, until cash or its equivalent, or an appropriate bond or collateral is posted to adequately protect and/or secure Frankenmuth;

c. render to Frankenmuth a full and complete accounting of assets that Corriveau owns or in which she otherwise has an interest;

d. allow Frankenmuth full, complete and ongoing access to all financial books, records and accounts maintained by or for Corriveau;

e. pay all attorneys', consulting, and other fees, costs, and expenses that Frankenmuth incurred and may incur;

f. honor all further agreements and obligations contained in the Indemnity Agreement; and

g. grant such further relief as this Court deems just and proper.

## COUNT IV - EXONERATION

69. Frankenmuth realleges and incorporates into this Count the allegations contained in Paragraphs 1 through 31, above, as if fully stated herein.

70. Since the issuance of the Bonds, claims have been made against the Bonds, as described in detail above.

71. Frankenmuth's liability is imminent and absolute because Frankenmuth has incurred costs and expenses associated with the claims asserted, and continues to incur costs and expenses in prosecuting this action.

72. Corriveau has been unable and/or unwilling to satisfy her obligations relating to the bonded projects that are the subject of claims by obligee(s) and payment bond claimants, as discussed above.

73. Corriveau is specifically obligated to ensure that the bonded projects are completed with no loss to Frankenmuth.

74. To date, Corriveau has not honored her obligations to Frankenmuth.

75. Frankenmuth is not attempting to avoid secondary liability as surety for American Site. Instead, Frankenmuth demands that Corriveau be compelled to fulfill her indemnity obligations to Frankenmuth by exonerating Frankenmuth.

76. Under the doctrine of exoneration, Frankenmuth is entitled to have Corriveau compensate it for all amounts that Frankenmuth has paid and/or incurred as a result of acting as surety for American Site to complete the bonded projects.

77. At common law, Frankenmuth is entitled to immediate payment from Corriveau prior to payment by Frankenmuth of any claims and prior to entry of any final judgment for money damages. Accordingly, any award of money damages in accordance with any final judgment will not fully protect Frankenmuth. Frankenmuth, therefore, does not have an adequate remedy at law.

78. In order to maintain this action, Frankenmuth has retained the legal services of the law firm of Shumaker, Loop & Kendrick, LLP, and will therefore incur attorney fees as a result.

WHEREFORE, Plaintiff, Frankenmuth Mutual Insurance Company, requests that this Court enter an order or judgment compelling Defendant, Carole Lynn Corriveau, to exonerate Plaintiff by fulfilling her primary obligations to the extent Plaintiff has not already done so, including but not limited to the following:

(a) for an order requiring Corriveau to deposit with Frankenmuth funding by money, property, liens or security interest in property in such amounts as determined by Frankenmuth to be adequate security for Frankenmuth's obligations on its bonds;

(b) for an order requiring Corriveau to exonerate Frankenmuth for all liabilities, losses and expenses incurred by Frankenmuth as a result of Frankenmuth's having executed the bonds;

(c) for an order granting Frankenmuth's costs and fees, including reasonable attorney fees incurred by Frankenmuth in the prosecution of this action; and

(d) for such other relief as this Court deems appropriate.

Dated:  July 22, 2021    **SHUMAKER, LOOP & KENDRICK, LLP**

By:  */s/ Tammy N. Giroux*
**TAMMY N. GIROUX, ESQ.**
(FL Bar No. 999938)
Bank of America Plaza
101 East Kennedy Boulevard – Suite 2800
Tampa, FL 33602-5126
Telephone: (813) 229-7600
Fax: (813) 229-1660
Primary e-mail:  tgiroux@shumaker.com
Secondary e-mail:
tgirouxeservice@shumaker.com
*Counsel for Plaintiff, Frankenmuth Mutual Insurance Company*